IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Victor Clark, | Civil Action No. 6:17-219-RMG |
|     Petitioner, | |
| v. | **ORDER AND OPINION** |
| Bonita Mosley, | |
|     Respondent. | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that the Court grant Respondent's motion for summary judgment and dismiss the petition for habeas relief under 28 U.S.C. § 2241. For the reasons set forth below, the Court adopts the Report and Recommendation.

I. **Background**

Petitioner is an inmate currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. During the time relevant to this action, he was incarcerated at the D. Ray James Correctional Facility in Folkston, Georgia, where, on December 4, 2014, a prisoner fight occurred. A correctional officer observed Petitioner participating in the fight. Eventually, Petitioner was restrained and placed in the Special Housing Unit.

On December 26, 2014, an investigating officer wrote an incident report citing the petitioner with two violations of the inmate discipline code arising from the fight on December 4th: Code 108 (possession of a weapon) and Code 201 (fighting). Petitioner received a copy the same day. The report was referred to the Unit Discipline Committee, which held a hearing on December 30, 2104. The Unit Discipline Committee recommended loss of 54 days good time credits, 180 days disciplinary segregation, and 6 months loss of commissary privileges. On

December 30, 2014, the petitioner received advance written notice of a hearing before the Disciplinary Hearing Officer as well as a recitation of his rights at the hearing. The incident report was then briefly suspended, from January 10 to February 11, 2015, for an FBI investigation. The FBI declined to proceed with a criminal prosecution.

Petitioner's hearing before the Disciplinary Hearing Officer occurred on February 17, 2015. A case manager appeared with Petitioner as his staff representative. The hearing officer found the Petitioner did commit the charged violations. For the Code 108 violation, the hearing officer imposed sanctions of 41 days loss of good time credits and six months loss of commissary and telephone privileges. For the Code 201 violation, the hearing officer imposed sanctions of 27 days loss of good time credits and six months loss of visitation privileges. The hearing report was delivered to Petitioner on February 26, 2015.

Petitioner then filed an administrative appeal of the decision, asserting the incident report was not served on him in a timely manner. On April 9, 2015, the hearing report was remanded for rehearing. On May 7, 2015, the Unit Discipline Committee held a new hearing, and on May 12, 2015, Petitioner received a new Disciplinary Hearing Officer hearing. Petitioner again had the assistance of a staff representative. The hearing officer found Petitioner committed the Code 201 violation (fighting) but not the Code 108 violation (possession of a weapon). For the Code 201 violation, the hearing officer imposed sanctions of 27 days loss of good time credits and six months loss of visitation privileges—the same sanction imposed by the first hearing. The hearing report was delivered to Petitioner on June 24, 2015.

Petitioner again appealed administratively, arguing the incident report was not served on him in a timely manner. On September 1, 2015, BOP's Southeast Regional Office denied the

appeal, noting that although the report was not written and served until 22 days after the incident, Petitioner failed to show how the delay prejudiced him during the disciplinary process.

After an unsuccessful appeal to BOP's Central Office, on January 23, 2017 Petitioner filed the present petition for habeas relief under § 2241, arguing the 22-day delay between the incident and service of the report violated his due process rights. Respondent moved for summary judgment on March 24, 2017. On September 25, 2017, the Magistrate Judge recommended summary judgment for Respondent. Petitioner filed objections on October 13, 2017.

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

B.   **Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

III.   **Discussion**

Respondent argues, as a threshold matter, that Petitioner has failed to exhaust administrative remedies. Courts require prisoners to exhaust their administrative remedies before seeking relief under § 2241. *See Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 490–91 (1973). The Magistrate Judge determined that a genuine dispute of fact exists that is material to whether Petitioner has indeed exhausted administrative remedies, and so recommends denial of the motion for summary judgment as to the exhaustion issue. (Dkt. No. 15 at 13.) Respondent has not objected to the Report and Recommendation. The Court therefore adopts the Magistrate Judge's determination that summary judgment for failure to exhaust administrative remedies is inappropriate and proceeds to the merits of the petition.

Petitioner argues his good conduct time credits were revoked in violation of his due process rights because he did not receive the incident report until 22 days after the incident, despite BOP policy that incident reports should be provided within 24 hours of an incident. Title 28, U.S.C. §

2241 is the proper means for a federal prisoner to challenge the BOP's sentencing calculations, including good conduct time credits. *See United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004). A prisoner has due process rights regarding his good conduct time credits, which implicate a protected liberty interest. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). In disciplinary proceedings, inmates have a right to advance written notice of charges, to a fair and impartial tribunal, to call witnesses and to present evidence, and to receive written statement explaining the tribunal's findings. *Id.* at 563–67.

The Magistrate Judge correctly determined that the disciplinary rehearing provided all procedural protections under *Wolff*. Petitioner had advance notice of the charges, assistance of a staff representative, opportunity to present evidence and to call witnesses, and an impartial hearing tribunal (which ruled in Petitioner's favor on the more serious Code 108 violation). He received a written statement of reasons and evidence relied upon. Due process also requires "some evidence" supporting the hearing officer's findings. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 445–46 (1985). Here, the hearing officer's decision was supported by statements from correctional officers, Petitioner's own statements at the hearing, and medical assessments of Petitioner. That constitutes "some evidence." Thus, no violation of Petitioner's due process right occurred.

Petitioner complains that receipt of the incident report 22 days after the incident somehow constitutes a due process violation. BOP policy that states that incident reports "ordinarily" should be delivered to inmates within 24 hours. In his objections, Petitioner concedes BOP policy does not require delivery of an incident report within 24 hours, but he asserts that the D. Ray James Correctional Facility did have a policy actually requiring delivery within 24 hours. (Dkt. No. 17.) In his response to the motion for summary judgment, Petitioner provided a copy of a page from

that prison's policy manual, which states the prison "shall ensure that an inmate charged with a rule violation receives a copy of the [incident report] . . . with 24 hours of the incident." (Dkt. No. 12-2.) But the writ of habeas corpus is not available to enforce prison-specific policy manuals. To obtain habeas relief, Petitioner must show his good time credits were taken in violation of the Constitution or laws of the United States. The Court fully agrees with the Magistrate Judge's determination that Petitioner received all required due process with regard to the Code 201 violation for which he lost 27 days' good time credit. The Court therefore dismisses the petition for habeas relief.

**IV.** <u>**Conclusion**</u>

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation as the Order of the Court (Dkt. No. 15), **GRANTS** Respondent's motion for summary judgment (Dkt. No. 9), and **DISMISSES** the petition for habeas relief (Dkt. No. 1).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 27, 2017
Charleston, South Carolina